| PROB 22 (Rev. 01/24) | FILED 2025 MAR 27 P 2:29 U.S. DISTRICT M.D. | DOCKET NUMBER *(Tran. Court)* |
|---|---|---|
| | | 1:15CR127-TRM-CHS-3 |
| TRANSFER OF JURISDICTION | | DOCKET NUMBER *(Rec. Court)* |
| | | 5:25cr-192-LCB |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Michael Lewis | ED/TN | |
| | NAME OF SENTENCING JUDGE | |
| | Honorable Curtis L. Collier | |
| | DATES OF PROBATION/ SUPERVISED RELEASE | FROM 9/18/2023 | TO 9/17/2028 |

**OFFENSE**
21 U.S.C.§ 846, 21 U.S.C.§ 841(b)(1)(A) Conspiracy to Distribute and Possess with Intent to Distribute Fifty Grams or More of Methamphetamine and five Hundred Grams or More of a Mixture and Substance Containing Methamphetamine

**JUSTIFICATION/REASON FOR TRANSFER** (e.g., prosocial ties, employment/education opportunities, violation of supervision)
TOJ Requested by supervising district

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE ___Eastern___ DISTRICT OF ___Tennessee___

IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the ___Northern District of Alabama___ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.* **Collection of restitution will be retained by the sentencing district if the restitution has been ordered joint and several with any other defendant(s).**

___3/19/2025___                             ___[signature] Travis R. McDonough___
Date                                         United States District Judge

*This sentence may be deleted in the discretion of the transferring Court.

---

**PART 2 – ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE ___Northern___ DISTRICT OF ___Alabama___

IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

___3/26/2025___                             ___[signature]___
Effective Date                                United States District Judge

EDTN Judgment in a Criminal Case (Rev. 1/12)
Sheet 1

# United States District Court

## Eastern District of Tennessee

UNITED STATES OF AMERICA
v.
MICHAEL LEWIS

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses committed on or after November 1, 1987)

Case Number: 1:15-cr-00127-CLC-CHS-003
A Christian Lanier, III
Defendant's Attorney

### THE DEFENDANT:

☒ pleaded guilty to count(s): One of the Indictment

☐ pleaded nolo contendere to count(s) which was accepted by the court.

☐ was found guilty on count(s) after a plea of not guilty.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Violation Concluded | Count |
|---|---|---|---|
| 21 U.S.C. § 846, 21 U.S.C. § 841(b)(1)(A) | Conspiracy to Distribute and Possess with Intent to Distribute Fifty (50) Grams or More of Methamphetamine (actual) and Five Hundred (500) Grams or More of a Mixture and Substance Containing Methamphetamine | October 27, 2015 | One |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and 18 U.S.C. 3553.

☐ The defendant has been found not guilty on count(s).

☐ All remaining counts as to this defendant in this case are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States attorney of any material change in the defendant's economic circumstances.

March 8, 2017
Date of Imposition of Judgment

/s/
Signature of Judicial Officer

Curtis L Collier, United States District Judge
Name & Title of Judicial Officer

March 21, 2017
Date

EDTN Judgment in a Criminal Case (Rev. 1/12)
Sheet 2

| | | |
|---|---|---|
| DEFENDANT: | Michael Lewis | Judgment - Page 2 of 6 |
| CASE NUMBER: | 1:15-cr-00127-CLC-CHS-003 | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of : **106 months**. The term of imprisonment imposed by this Judgment shall run concurrently with the defendant's term of imprisonment pursuant to the Judgments in Docket Numbers 14-CR-00560 and 15-CR-0169, Superior Court, Catoosa County, Georgia. This sentence is being adjusted to reflect time of 29 months that has already been served on this sentence pursuant to USSG §5G1.3(b). This period of imprisonment will not be credited by the Bureau of Prisons. The court recommends that the Bureau of Prisons designate the Georgia Department of Corrections to be the place of service for the sentence.

☒ The court makes the following recommendations to the Bureau of Prisons: The Court will recommend that the defendant receive 500 hours of substance abuse treatment from the Bureau of Prisons Institution Residential Drug Abuse Treatment Program. The Court further recommends that the Bureau of Prisons designate the Defendant to the Federal Correctional Facility at Talladega, Alabama.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
    at __ a.m. p.m. on __
    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on .
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

EDTN Judgment in a Criminal Case (Rev. 1/12)
Sheet 3 Supervised Release

DEFENDANT: Michael Lewis
CASE NUMBER: 1:15-cr-00127-CLC-CHS-003

Judgment - Page 3 of 6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district or other specified geographic area without the permission of the Court or probation officer;
2. The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation office;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his/her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the Court;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by his/her criminal record or personal history of characteristics and shall permit the probation officer to make such notification and to confirm the defendant's compliance with such notification requirement.

EDTN Judgment in a Criminal Case (Rev. 1/12)
    Sheet 3a Supervised Release

DEFENDANT: Michael Lewis
CASE NUMBER: 1:15-cr-00127-CLC-CHS-003

Judgment - Page 4 of 6

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

2. The defendant shall submit his or her person, property, house, residence, vehicle, papers, computers, or office, to a search conducted by a United States probation officer or designee. Failure to submit to a search may be grounds for revocation of release. The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

EDTN Judgment in a Criminal Case for Revocation (Rev. 1/12)
Sheet 5 Criminal Monetary Penalties

DEFENDANT: Michael Lewis
CASE NUMBER: 1:15-cr-00127-CLC-CHS-003

Judgment - Page 5 of 6

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6. The assessment is ordered in accordance with 18 U.S.C. 3013.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until __. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, if the United States is a victim, all other victims, if any, shall receive full restitution before the United States receives any restitution, and all restitution shall be paid to the victims before any restitution is paid to a provider of compensation, pursuant to 18 U.S.C. 3664.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| TOTALS: | $__ | $__ | |

☐ If applicable, restitution amount ordered pursuant to plea agreement $__

☐ The defendant shall pay interest on any fine or restitution of more than $2500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ The interest requirement is waived for the ☐ fine and/or ☐ restitution.

☐ The interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

EDTN Judgment in a Criminal Case for Revocation (Rev. 1/12)
Sheet 6 Schedule of Payments

Judgment - Page 6 of 6

DEFENDANT:     Michael Lewis
CASE NUMBER:   1:15-cr-00127-CLC-CHS-003

## SCHEDULE OF PAYMENTS

**Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:**

A  ☒ Lump sum payment of $100.00 due immediately, balance due
   ☐ not later than , or
   ☒ in accordance   ☐ C, ☐ D, ☐ E, or ☒ F below; or

B  ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, ☐ F below); or

C  ☐ Payment in equal __ installments of $__ over a period of __, to commence __ after the date of this judgment; or

D  ☐ Payment in equal __ installments of $__ over a period of __, to commence __ after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within __ after release from imprisonment. The court will set the payment plan based on as assessment of the defendant's ability to pay at the time; or

F  ☒ Special instruction regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if the judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. Unless otherwise directed by the court, the probation officer, or the United States attorney, all criminal monetary penalties except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be made to **U.S. District Court, 900 Georgia Avenue, Suite 309, Chattanooga, TN 37402.** Payments shall be in the form of a check or a money order, made payable to U.S. District Court, with a notation of the case number including defendant number.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.
☐ Joint and Several

Defendant and Co-Defendant Names, and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States: as specified in Order of Forfeiture.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

**SEALED**

FILED

2025 MAR 27 P 2: 29

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

2015 DEC -1 P 1: 26

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | 1:15-cr-127 |
| ) | Judge Collier/Steger |
| AGUSTIN ROMAN, ) | |
| a/k/a "Montana" ) | |
| ) | |
| KENNETH LEMONS, ) | |
| a/k/a "Pops" ) | |
| ) | |
| MICHAEL LEWIS, ) | |
| ) | |
| TIMOTHY SIMS, ) | |
| a/k/a "TJ" ) | |

## INDICTMENT

### COUNT ONE

The Grand Jury charges that from in or about January 2013 until on or about October 27, 2015, in the Eastern District of Tennessee and elsewhere, the defendants, AGUSTIN ROMAN, also known as "Montana"; KENNETH LEMONS, also known as "Pops"; MICHAEL LEWIS; TIMOTHY SIMS, also known as "TJ"; and other persons known and unknown to the Grand Jury, did combine, conspire, confederate and agree to knowingly, intentionally and without authority distribute and possess with intent to distribute fifty grams or more of methamphetamine (actual) and five hundred grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance; in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A) and 846.

## COUNT TWO

The Grand Jury further charges that on or about May 1, 2014, in the Eastern District of Tennessee, the defendant, TIMOTHY SIMS, also known as "TJ", knowingly, intentionally and without authority possessed with the intent to distribute fifty grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

## COUNT THREE

The Grand Jury further charges that on or about September 17, 2014, in the Eastern District of Tennessee, the defendant, AGUSTIN ROMAN, also known as "Montana", knowingly, intentionally and without authority distributed five grams or more of methamphetamine (actual), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

## COUNT FOUR

The Grand Jury further charges that on or about March 5, 2015, in the Eastern District of Tennessee, the defendant, KENNETH LEMONS, also known as "Pops", knowingly, intentionally and without authority distributed methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT FIVE

The Grand Jury further charges that on or about March 5, 2015, in the Eastern District of Tennessee, the defendant, KENNETH LEMONS, also known as "Pops", knowingly, intentionally and without authority distributed methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT SIX

The Grand Jury further charges that on or about May 28, 2015, in the Eastern District of Tennessee, the defendant, KENNETH LEMONS, also known as "Pops", knowingly, intentionally and without authority possessed with the intent to distribute fifty grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

## COUNT SEVEN

The Grand Jury further charges that on or about October 27, 2015, in the Eastern District of Tennessee, the defendant, KENNETH LEMONS, also known as "Pops", aided and abetted by others, knowingly, intentionally and without authority distributed methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18 United States Code, Section 2.

## COUNT EIGHT

The Grand Jury further charges that on or about October 27, 2015, in the Eastern District of Tennessee, the defendant, KENNETH LEMONS, also known as "Pops", aided and abetted by others, knowingly, intentionally and without authority possessed with intent to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) and Title 18 United States Code, Section 2.

## FORFEITURE ALLEGATIONS

1. The allegations contained in Counts One through Eight of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

2. Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Sections 841 or 846, the defendants, AGUSTIN ROMAN, also known as "Montana"; KENNETH LEMONS, also known as "Pops"; MICHAEL LEWIS; and TIMOTHY SIMS, also known as "TJ"; shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense. The property to be forfeited includes, but is not limited to, the following:

Money Judgment

A personal money judgment against each defendant, AGUSTIN ROMAN, also known as "Montana"; KENNETH LEMONS, also known as "Pops"; MICHAEL LEWIS; and TIMOTHY

SIMS, also known as "TJ"; and in favor of the United States in the amount of not less than $1,600,000.00, which represents the minimum amount of money paid to each defendant directly or indirectly for controlled substances during the course of the conspiracy charged in Count One.

3. <u>Substitute Assets</u>

If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL:

███████████████

GRAND JURY FOREPERSON

WILLIAM C. KILLIAN
United States Attorney

By: [signature]
Steven S. Neff
Assistant U. S. Attorney